```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

_____

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                               File No. 1:11-CR-57

JOHN ANDREW MEKEDIAK,

        Defendant.
_____/

<u>Resentencing</u>

Before

           THE HONORABLE ROBERT HOLMES BELL
             United States District Judge
                     June 25, 2013

<u>APPEARANCES</u>

| | |
|---|---|
| SEAN C. MALTBIE | MICHAEL R. BARTISH |
| Assistant U.S. Attorney | 15 Ionia Ave., SW |
| P.O. Box 208 | Suite 520 |
| Grand Rapids, MI 49501 | Grand Rapids, MI 49503 |
| Attorney for Plaintiff | Attorney for Defendant |

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter

```
 1                                         Grand Rapids, Michigan
 2                                         June 25, 2013
 3                                         11:10 a.m.
 4                                  -  -  -
 5
 6                         P R O C E E D I N G S
 7
 8            THE COURT:  You may be seated.
 9            We are back revisiting the matter of United States
10   v. John Andrew Mekediak.  This is our file number 11-CR-57.
11   Mr. Maltbie represents again the United States Attorney's
12   Office, and Mr. Bartish again represents Mr. Mekediak.
13            This matter went to the Court of Appeals and to a
14   dream panel on the Court of Appeals, and this Court was
15   reversed on the issue of the two felony convictions, a crime
16   of violence or controlled substance, and that determines the
17   career criminal section, Paragraph 39 of the Chapter 4
18   enhancements.  Let me just talk here.  I don't think I need to
19   hear from anyone here particularly on this.  I'm supposed to
20   enter a reduced sentence.  I guess that's the bottom line.
21            Using a modified categorical approach on Page 7 of
22   the Court of Appeals' opinion, it said possession of a
23   short-barreled rifle is not a qualifying act of juvenile
24   delinquency and therefore not a violent act.  A short-barreled
25   rifle.  In a juvenile petition on the 22nd of January of '95
```

1    alleging that the defendant made an assault upon Louise M.
2    Mekediak with intent to commit the crime of murder, I presume
3    she's a mother or somebody, the Court found, quote:  "The
4    material allegations of the petition were sustained," end of
5    quote.  There was no mention of a firearm; therefore, there
6    was no way of knowing if a firearm was used, and therefore,
7    under this Court's interpretation of the modified categorical
8    approach, this was not a violent felony.  Wow.  Wow.  Assault
9    with intent to commit murder is not a violent felony.
10            Then there was a proffer of the details of the
11   Minnesota transaction which were part of this enhancement
12   where guns were traded for -- and firearms in connection with
13   a trade for cocaine base, crack cocaine.  The Court took
14   testimony from a law enforcement officer in the course of
15   making this determination and believed at the time that this
16   was a contested matter.  I have questions now.
17            The Court of Appeals found -- and the Court made
18   credibility determinations.  The Court of Appeals found,
19   quote:  "We are not firmly convinced that the government used
20   privileged information against Mekediak."  Well, I don't
21   know.  I thought I was the one that took testimony as the
22   trial judge.  I thought I was the one that made credibility
23   determinations.  The district judge determining credibility by
24   viewing witnesses are usually deferred to in this matter.
25            Bottom line is that the reversal went to the career

```
 1   four -- Chapter 4 enhancements, and the Court is to enter an
 2   order pursuant to the adjusted offense level 34 and criminal
 3   history level of IV with a range of a ten-year maximum
 4   sentence with no ACC enhancement.  Of course, the government's
 5   counsel has immediately indicated in their briefing that this
 6   is a satisfactory and just sentence for this matter.
 7             Did you argue this matter in the Court of Appeals,
 8   Mr. Maltbie?
 9             MR. MALTBIE:  I did, Your Honor.
10             THE COURT:  Okay.  Therefore, the Court's duty is to
11   impose a sufficient sentence in this matter, not greater than
12   necessary to comply with the purposes of Section 3553(a),
13   looking at the nature and circumstances of this offense and
14   the history and characteristics of Mr. Mekediak.
15             Mr. Mekediak in this Court's opinion is a dangerous
16   person.  I looked at his picture again on the presentence
17   report and it brought back the memories of having reviewed
18   this matter.  He is a dangerous person.  When he is released,
19   he will recidivate unless some lightening strikes and
20   something happens.  And this Court believed and still believes
21   its function here, following the law, making credibility
22   determinations, is to protect the public.
23             The seriousness of this offense and the respect that
24   is due for the law this Court believes requires a sentence for
25   which this Court can sentence to 120 months in the custody of
```

1   the Federal Bureau of Prisons.  The defendant will be
2   evaluated for substance abuse treatment of drugs and alcohol.
3   The defendant will receive educational and vocational
4   counseling opportunities if he wishes to.  The defendant will
5   be evaluated for mental health treatment, and any monies
6   earned will be used to support the children that otherwise
7   would be supported by the public.
8             A three-year maximum, again, supervised release will
9   enter in this matter.  The defendant will remain law-abiding.
10  Unbelievably difficult, but that's the requirement.  He will
11  remain law-abiding.  He will participate in testing and
12  treatment for substance abuse.  He will not use any alcoholic
13  beverages, again whistling into the wind, but that's what it
14  is.  He will participate in mental health treatment as
15  directed by the probation officer.
16            He will provide the probation officer access to any
17  financial information when requested.  If he's unemployed for
18  the first years of supervision, he will -- and he indicates
19  here he's going to run a tattoo business, and if he can't get
20  a license, he's going to run an underground tattoo business.
21  So a rather energetic fellow, I might add.  He will perform at
22  least 20 hours of community service.  He will not be the
23  primary user of a cell telephone without the permission of the
24  probation officer.  He will not associate with ex-felons
25  without the approval of the probation officer.  I don't know

```
 1   how that can be done if he operates an underground tattoo
 2   business, but I will leave that to the probation officer, and
 3   I may in fact see Mr. Mekediak after that.  For the first year
 4   of supervised release he will be on curfew from 11:00 p.m. to
 5   6:00 a.m. in this matter.
 6              A fine is waived, obviously, in this case.  A
 7   mandatory special assessment of $100 will be levied.  Counts 1
 8   and 3 have already been dismissed in this matter.
 9              Any legal objection to the sentence imposed in this
10   matter at this time, Mr. Maltbie?
11              MR. MALTBIE:  No, Your Honor.
12              THE COURT:  Mr. Bartish?
13              MR. BARTISH:  No, Your Honor.
14              THE COURT:  The right of appeal, of course, still
15   exists and 14 days to file that appeal, and he is already in
16   the custody of the marshal, so I need not say anything
17   further.
18              Anything else we should place into the record, Mr.
19   Maltbie?
20              MR. MALTBIE:  No, Your Honor.
21              THE COURT:  Anything else, Mr. Bartish?
22              MR. BARTISH:  No, Your Honor.
23              THE COURT:  That's all.
24                  (Proceedings concluded at 11:20 a.m.)
25
```

CERTIFICATE OF REPORTER

      I, Kevin W. Gaugier, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct transcript of the proceedings had in the within-entitled and numbered cause on the date hereinbefore set forth.

      I do further certify that the foregoing transcript was prepared by me.

/s/  Kevin W. Gaugier

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter
110 Michigan N.W.
622 Federal Building
Grand Rapids, MI 49503