UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:11-CR-57

        v.                                   Hon. Janet T. Neff

JOHN ANDREW MEKEDIAK,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S 18 U.S.C. § 3582(c)(1)[(A)](i) MOTION
FOR SENTENCE MODIFICATION**

        Now comes the United States of America, through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and B. René Shekmer, Assistant United States Attorney, and states as follows, in response to Defendant John Andrew Mekediak's Motion to Modify Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)[(A)](i) (R.63):

    I.      Relevant Procedural History

        On August 19, 2011, pursuant to a plea agreement, John Mekediak entered a plea of guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 924(e)(1) as set forth in Count Two of the Indictment.  (R.1, Indictment; R.34, Plea Agreement; R.48, Plea Transcript.)  The statutory penalty for the offense of conviction was not more than 10 years in prison.  18 U.S.C. § 924(a)(2).  However, the statutory penalty for the offense of conviction pursuant to the Armed Career Criminal Act was not less than 15 years and not more than life years in prison.  18 U.S.C. § 924(e).  (R.24, Plea Agreement at ¶ 3.)

        Mekediak's sentencing guideline computation was as follows:

| | |
|---|---|
| 24 | Base Offense Level – USSG § 2K2.1(a)(2) – at least two felony convictions for either a crime of violence or a controlled substance offense |
| +5 | 99 firearms - USSG § 2K2.1(b)(1)(C) – 6 levels for 25 to 99 firearms, however, the cumulative level from USSG § 2K2.1(b)(1) through (b)(4) cannot exceed 29, thus, only 5 levels were added |
| +0 | 98 firearms with obliterated serial numbers - USSG § 2K2.1(b)(4)(B) – 4 levels should have been added, however, the cumulative level from USSG § 2K2.1(b)(1) through (b)(4) cannot exceed 29, thus, 0 levels were added |
| +4 | trafficking of firearms - USSG § 2K2.1(b)(5) |
| **+4** | **possession of firearms in connection with another felony offense - USSG § 2K2.1(b)(6)** |
| 37 | Adjusted Offense Level |
| -3 | Acceptance of Responsibility - USSG § 3E1.1 |
| 34 | Total Offense Level |
| | |
| 34 | Armed Career Criminal – USSG § 4B1.4(b)(1), the offense level applicable from Chapters Two and Three |

(Presentence Report at ¶ 27-39) (bolded items were subject of Mekediak's appeal).

Mekediak had eight criminal history points placing him in criminal history category IV. (Presentence Report at ¶ 42-53.)   Offense level 34 at criminal history category IV results in a guideline sentencing range of 210 to 262 months in prison.   However, as an armed career criminal, his criminal history category was VI.   (Presentence Report at ¶ 42-53.)   Offense level 34 at criminal history category VI results in a guideline sentencing range of 262 to 327 months in prison.

On December 1, 2011, Mekediak was found to be an armed career offender by the Honorable Robert Holmes Bell and was sentenced to 240 months in prison, followed by 5 years

of supervised release, and a $100 special assessment. (R.44, Judgment.) The sentence of 240 months in prison was a downward variance from the sentencing guideline range of 262 to 327 months in prison. (R.49, Sentencing Transcript at Page ID#227.)

Mekediak appealed his sentence raising the issues of his status as an armed career offender pursuant to USSG § 4B1.4(b)(1) due to three or more felony convictions for either a crime of violence or a controlled substance offense; his base offense level of 24 pursuant to USSG § 2K2.1(a)(2) due to at least two felony convictions for either a crime of violence or a controlled substance offense; and the four level enhancement pursuant to USSG § 2K2.1(b)(6) due to possession of firearms in connection with another felony offense. The appellate court affirmed all aspects of Mekediak's sentencing with the exception of the finding that he was an armed career criminal due to three or more felony convictions for either a crime of violence or a controlled substance offense. *United States v. Mekediak*, No. 11-2572 (6th Cir. Jan. 3, 2013) ("[W]e VACATE the sentence and REMAND for the limited purpose of considering the application of the ACCA to Mekediak's sentence. We AFFIRM the remainder of the district court's judgment."). *See* Opinion filed at Docket Entry No. 50.

On June 25, 2013, the district court re-sentenced Mekediak. The district court determined that Mekediak was not an armed career offender. The district court found Mekediak's offense level was 34 and his criminal history category was IV, which resulted in a guideline sentencing range of 210 to 262 months in prison. However, the statutory mandatory minimum sentence for felon in possession of a fiream, without being an armed career offender, is ten years in prison. Thus, Mekediak was sentenced to 120 months in prison, three years of supervised release, and a $100 special assessment. (R.61, Amended Judgment.)

3

Mekediak's current projected release date from prison is January 15, 2020, according to the Bureau of Prisons website.

II.    <u>Current 18 U.S.C. § 3582(c)(1)(A)(i) Motion for Sentence Modification</u>

On January 29, 2018, John Mekediak filed the current Motion to Modify Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)[(A)](i) . (R.63, 3582 Motion.)

18 U.S.C. § 3582(c) provides:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment except that—
>
>   (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>       (i) extraordinary and compelling reasons warrant such a reduction; or
>
>       (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;
>
>     (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

4

>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Thus, a court may not modify a term of imprisonment, except in specified circumstances. 18 U.S.C. § 3582(c).   The enumerated specific circumstances are (1) upon motion by the Director of the Bureau of Prisons; (2) as expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.   Mekediak is not 70 years and has not served at least 30 years in prison.   Mekediak cites no statute expressly permitting sentence modification in his case.   No Rule 35 motion has been filed for Mekediak.   And, Mekediak was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Instead, Mekediak cites "extraordinary and compelling reasons" warranting a reduction. Specifically, Mekediak states that he has strong family support; has strong programming accomplishments since his incarceration; has strong vocational training accomplishments since his incarceration; has an elderly father, with a number of medical issues, that require attention of a caregiver; is engaged to a wonderful woman; has a safe residence to go to upon release; will be

5

able to secure employment upon release; and has served 75% of his sentence.   (R.63, 3582 Motion at Page ID#284-285.)

The "extraordinary and compelling reasons" exception found in 18 U.S.C. § 3582(c)(1)(A)(i) first requires a "motion of the Director of the Bureau of Prisons."   18 U.S.C. § 3582(c)(1)(A)(i).   "The statute places no limits on the BOP's authority to seek or not seek a sentence reduction on behalf of a prisoner, nor does it define—or place any limits on—what 'extraordinary and compelling reasons' might warrant such a reduction."   *Crowe v. United States*, 430 Fed.Appx. 484, 485 (6th Cir. 2011).   However, "a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(i)."   *Id*.   "In light of the statute's plain requirement that only the BOP has standing to make such a request for release, the overwhelming majority of courts—including the Sixth Circuit—have held that a federal district court 'lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(i).'"   *Heard v. Quintana*, 184 F.Supp.3d 515, 521 (E.D. Ky. Apr. 21, 2016)(citing *Crowe v. United States*, 430 Fed.Appx. 484 (6th Cir. 2011) (collecting cases)).

Mekediak has filed his own motion for sentence modification and has no motion filed by the Director of the Bureau of Prisons.   Thus, Mekediak cannot rely upon "extraordinary and compelling reasons" for a sentence modification since he does not have the prerequisite motion filed by the Director of the Bureau of Prisons.

WHEREFORE, this Court must deny Mekediak's motion for sentence modification as he is not eligible for any sentence modification pursuant to 18 U.S.C. § 3582(c).

        Respectfully submitted,

        ANDREW BYERLY BIRGE
        United States Attorney

Dated:   March 1, 2018        /s/ B. René Shekmer
        B. RENÉ SHEKMER
        Assistant United States Attorney
        P.O. Box 208
        Grand Rapids, Michigan   49501-0208
        (616) 456-2404

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, the foregoing document was electronically filed.

I further certify that a copy of the foregoing document was mailed on this date via U.S. Mail to the opposing party to the address set forth below as he is not registered to receive the document by the Court's electronic filing system:

>John Andrew Mekediak
># 15799-040
>FCI Gilmer
>Federal Correctional Institution
>P.O. Box 6000
>Glenville, WV   26351

Dated:   March 1, 2018            /s/   B. René Shekmer
                                  B. RENÉ SHEKMER
                                  Assistant United States Attorney
                                  P.O. Box 208
                                  330 Ionia Avenue, N.W.
                                  Grand Rapids, Michigan 49501-0208
                                  (616) 456-2404