# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**Request for Modifying the Conditions or Term of Supervision with Consent of the Offender**
**(Probation Form 49, Waiver of Hearing is Attached)**

Name of Offender:   John Andrew Mekediak                                              Case Number: 1:11CR00057-01

Name of Sentencing Judicial Officer: The Honorable Robert Holmes Bell
                                                                  U.S. District Judge

Name of Presiding Judicial Officer: The Honorable Janet T. Neff
                                                              U.S. District Judge

Date of Original Sentence: December 1, 2011

Original Offense: Count 2: Felon in Possession of a Firearm; 18 U.S.C §§ 922(g) and 924(e)(1)

Original Sentence: 240 months imprisonment and 5 years supervised release.  Special Conditions: (1) substance abuse treatment/testing; (2) no alcohol use; (3) mental health treatment; (4) financial disclosure; (5) community service work alternative; (6) cellular phone as approved; (7) no contact with ex-felons without approval; (8) curfew. Special Assessment, $100.00 (paid).

Type of Supervision: Supervised Release              Date Supervision Commenced: November 8, 2019
                                                                                       Expiration Date: November 7, 2022

## PETITIONING THE COURT

To modify the conditions of supervision by adding Special Conditions 9 -11:

9.   You will be monitored by a form of location monitoring technology at the discretion of the probation officer for a period of four months. During that time, you must abide by all technology requirements, the location monitoring program rules, and pay all or part of the costs of participation in the location monitoring program as directed by the U.S. Probation Office.

A form of location monitoring technology will be utilized to monitor the following restriction on your movement in the community as well as other court-imposed conditions of release:

( ) Curfew: You are restricted to your residence every day from to , or as directed by the U.S. Probation Officer.

(X)  Home Detention: You are restricted to your residence at all times except for employment;  education;  religious services;  medical, substance abuse or mental health

    treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre- approved by the U.S. Probation Officer.

    ( ) Home Incarceration: You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court.

    ( ) Location Monitoring: You are subject to stand-alone monitoring without location restrictions.

10. You must not have contact with Lindsey Mekediak. This includes any physical, visual, written, electronic or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with Lindsey Mekediak.

11. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

    The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## CAUSE

Mr. Mekediak is currently separated from his wife, Lindsey Mekediak. They are residing at two separate residences. The separation and legal process has been contentious on both sides. This officer has fielded several complaints, from both parties regarding civil and criminal procedures, after both parties have expressed concerns to this officer in reference to the other party. Both parties have been granted Personal Protection Orders (PPO) against the other party during their separation.

On July 19, 2020, Mrs. Mekediak contacted the Battle Creek Police Department to report being assaulted by Mr. Mekediak. Battle Creek Police report number 20-005204 indicates Mrs. Mekediak was assaulted by Mr. Mekediak at his residence. She reported Mr. Mekediak showed up at a family gathering she attended early in the day. She left the gathering knowing they have PPOs against one another. She reported going alone to Firekeepers Casino, Battle Creek after the family gathering. Mr. Mekediak arrived at the casino on his own soon after. After a short period of time, she attempted to leave the casino, but Mr. Mekediak entered her vehicle, not allowing her to leave without him. She stated her phone was taken earlier at the family gathering by Mr. Mekediak, so she was unable to contact anyone. Mrs. Mekediak was able to convince Mr. Mekediak to allow her use of her phone and she contacted her father to report she was with Mr. Mekediak. Mrs. Mekediak felt the only way she would be able to get Mr. Mekediak out of her vehicle was to drive him home. When they arrived at the residence, Mr. Mekediak took possession of her car keys and asked her to come inside the residence. Mrs. Mekediak stated while in the residence they went back to the bedroom and Mr. Mekediak became aggressive. He made statements about cutting

their unborn child out of Mrs. Mekediak. Mrs. Mekediak reported Mr. Mekediak then grabbed her and restrained her with clear packaging tape around her legs and covered her mouth as well. She was able to remove the tape from her mouth while Mr. Mekediak held her down on the bed, by laying of top of her. Mrs. Mekediak was able to convince Mr. Mekediak to free her from the tape and give her car keys and phone back. She stated once she obtained her items, she immediately went to her vehicle and left the residence. Mrs. Mekediak was able to contact police and report the incident a short time later. An officer attempted to contact Mr. Mekediak at his residence to investigate the incident but was unsuccessful.

On July 22, 2020, Mr. Mekediak was arrested by the State of Michigan Police and transported to the Calhoun County, Michigan, Jail after an arrest warrant was issued by the prosecutor's office for the offense of Domestic Violence. Mr. Mekediak posted a $500.00 interim bond and was released shortly after his arrest. He will be provided an arraignment date by mail.

The officer made telephone contact with Mrs. Mekediak about the alleged offense. She confirmed the details provided in the incident report dated July 19, 2020, except for the statement about them being at Firekeepers Casino before the assault. She advised this officer they were at the Gun Lake Casino, Wayland, Michigan the evening of the assault. She reported Mr. Mekediak came to Firekeepers Casino with her the night prior to the assault. This officer questioned why she did not alert authorities when Mr. Mekediak appeared at the casino. She cited fear of Mr. Mekediak and his manipulation, as the reasons why she did not alert security. Mrs. Mekediak is concerned about how Mr. Mekediak would react if she refused him.

On July 23, 2020, the officer contacted Mr. Mekediak at his residence to discuss his recent arrest. He admitted being in the presence of Mrs. Mekediak on the night of the incident, but denies the assault allegations. He reported their contact has been mutual and does not believe he is completely at fault. This officer explained how any contact with Mrs. Mekediak is in violation of the active personal protection order. This had been explained to Mr. Mekediak several times by this officer after evidence Mr. Mekediak had remained in texting and telephonic contact with Mrs. Mekediak was discovered. While most of the contact has been mutual, Mrs. Mekediak again cited her fear of reprisal from Mr. Mekediak if she does not remain in contact with him.

On July 23, 2020, the officer made contact with security staff at Firekeeper's Casino, Battle Creek to obtain footage of Mr. Mekediak at the casino in the presence of Mrs. Mekediak between July 17-18, 2020. Video footage showed Mr. Mekediak at the casino past 3:00 a.m. on July 18, 2020, with Mrs. Mekediak. At one point, Mrs. Mekediak was in her vehicle in the parking lot and was required to return to the casino due to a dispute Mr. Mekediak was having with casino staff. The video evidence clearly shows Mr. Mekediak in violation of his curfew, previously imposed by the Court as a supervised release condition, as well as in violation of his no contact order with Mrs. Mekediak.

At this time, it is respectfully recommended the Court modify the conditions of Mr. Mekediak's supervised release to allow the officer more oversight and monitoring while Mr. and Mrs. Mekediak navigate family court, divorce, and civil proceedings. Mr. Mekediak has not been receptive to this officer's instruction to discontinue his contact with Mrs. Mekediak and now it seems best for all parties involved if contact is restricted further for safety reasons. Though the recent domestic violence charge is alleged, the serious nature of the offense warrants modifications to monitor any victim safety concerns and compliance of Mr. Mekediak's previously ordered curfew and state ordered personal protection order.

As the pending state matters are addressed, updates will be provided to the Court, which could include new law violations.  Should the Court wish to pursue this matter in a different fashion, the officer will be available at the Court's request.

**Previous Violations**

- **April 9, 2020:** Report on Offender.  Mr. Mekediak was arrested for new state criminal matters on February 29, 2020, for the offense Telecommunications Services-Malicious use; on March 10, 2020, for the offense Nonaggravated Assault; and on March 13, 2020, for the offense Obstruction of Justice.  The Court agreed with no further action while the state cases were pending.

**U.S. Probation Officer Action:**

The offender agreed to the proposed modification and executed a Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release, which is attached for the Court's review.

|  | Approved, |  | Respectfully submitted, |
|---|---|---|---|
| by | /s/ John H. Hyink | by | /s/ Matthew M. Weiland |
|  | John H. Hyink |  | Matthew M. Weiland |
|  | Supervisory U.S. Probation Officer |  | U.S. Probation Officer |
|  | Date: July 30, 2020 |  | Date: July 30, 2020 |

THE COURT ORDERS:

☐ No Action
☒ The Modification of Conditions as Noted Above
☐ Other

/s/ Janet T. Neff

The Honorable Janet T. Neff
U.S. District Judge

July 31, 2020
Date

PROB 49
(3/89)

# United States District Court

### Western District of Michigan

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

John Andrew Mekediak

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervision type or to the proposed extension of my term of supervision:

To add Special Condition 9, Special Condition 10, Special Condition 11 to read as follows:

9) You will be monitored by a form of location monitoring technology at the discretion of the probation officer for a period of four months. During that time, you must abide by all technology requirements, the location monitoring program rules, and pay all or part of the costs of participation in the location monitoring program as directed by the U.S. Probation Office.

   A form of location monitoring technology will be utilized to monitor the following restriction on your movement in the community as well as other court-imposed conditions of release:

   ( ) Curfew: You are restricted to your residence every day from to_, or as directed by the U.S. Probation Officer.

   (X) Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre- approved by the U.S. Probation Officer.

   ( ) Home Incarceration: You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court.

   ( ) Location Monitoring: You are subject to stand-alone monitoring without location restrictions.

10) You must not have contact with Lindsey Mekediak. This includes any physical, visual, written, electronic or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with Lindsey Mekediak.

11) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Witness _____
Matthew M. Weiland
(U.S. Probation Officer)

Signed _____
John Andrew Mekediak

7-23-2020
(Date)